**CURT S. STEINDLER (CA SBN 143381)**
**LAW OFFICE OF CURT S. STEINDLER**
**11901 Santa Monica Blvd.**
**Suite 616**
**Los, Angeles CA 90025**
**(424) 243-6460**
**fax: (424) 217-4856**
**steindler@lawrax.com**

Attorney for Plaintiff, PETER WAYNE BOWIE, JR.

# UNITED STATES DISCTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WAYNE BOWIE, JR., | **CASE NO. 2:21-cv-5835** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1) NEGLIGENCE** |
| UNITED STATES POSTAL SERVICE and UNITED STATES POSTAL SERVICE EMPLOYEE JOHN DOE, | **2) NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE** |
| Defendants. | |

COMES NOW, the Plaintiff, PETER WAYNE BOWIE, JR. ("Plaintiff") and brings this civil action for negligence and personal injuries, pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 2671, et seq.), 28 U.S.C. § 1346(b)(l) and 28 U.S.C. § 2401(b), against the Defendants, UNITED STATES POSTAL SERVICE ("USPS") and a USPS employee whose identity is currently unknown to Plaintiff named herein as "UNITED STATES POSTAL SERVICE EMPLOYEE JOHN DOE" ("DOE"), (collectively, "Defendants"), and in support of his Complaint would show unto the Court as follows:

## JURISDICTION AND VENUE

1.     This is an action for negligence and personal injuries being brought pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, et seq.), 28 U.S.C. § 1346(b)(l) and 28

1
**COMPLAINT**

U.S.C. § 240l(b).

2.      All conditions precedent to filing this action have been complied with, expired, and/or waived.

3.      Specifically, Plaintiff has complied with all provisions precedent to filing this action, including the notice requirements set forth in 28 U.S.C. § 2675(a).

4.      Pursuant to 28 U.S.C. § 2401(b), 39 C.F.R. § 912.9(a), 28 U.S.C. § 1346(b)(l) and the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, et seq.), governmental immunity is not a bar to this action and Plaintiff is legally permitted to pursue this action following a denial of his administrative claim for personal injuries (USPS File No: TC2020 77110, Case No: 900-18-004035238) ("Claim").

5.      In particular, Plaintiff's Claim for personal injuries arose from a motor vehicle accident involving Plaintiff and DOE, an employee of Defendant USPS, which occurred on August 24, 2018 in the County of Los Angeles, State of California ("Subject Accident"), in which Plaintiff suffered significant personal injuries as a result of the negligence of DOE and the Subject Accident, as discussed in greater detail below.

6.      Additionally, Plaintiff timely filed his Claim, pursuant to 28 U.S.C. § 240l(b), by timely serving notice of his Claim on Defendant USPS on August 11, 2020, which was less than two (2) years after the date of accrual of Plaintiffs claims (specifically, the date of the Subject Accident, which occurred on August 24, 2018), in accordance with 28 U.S.C. § 240l(b).[1]

7.      Plaintiff files this Complaint in the instant action, pursuant to 28 U.S.C. § 240l(b), after his Claim was subsequently denied by Defendant USPS on January 21, 2021.[2]

8.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 139l(e)(l), because the

---

[1] See Plaintiff's Form 95 regarding his Claim, which was executed by Plaintiff and submitted to USPS, along with other documents relevant to Plaintiff's Claim, on the August 11, 2020 (submitted herewith as Exhibit A).
See also, the Letter of Representation from Plaintiff's Counsel, Curt S. Steindler ("Mr. Steindler") to Defendant USPS, dated October 22, 2018, regarding Plaintiff's Claim for personal injuries, which was sent to Defendant USPS on the aforementioned date, along with a Designation, which was executed by Plaintiff on August 28, 2018 (submitted herewith as Exhibit B).
[2] See the correspondence from USPS to Plaintiff's Counsel, Mr. Steindler dated January 21, 2021, in which Defendant USPS denied Plaintiff's Claim for personal injuries ("January 21, 2021 Denial Letter") (submitted herewith as Exhibit C).

**COMPLAINT**

United States Postal Service ("USPS") is a Defendant in the instant action and United States Postal Service Employee John Doe ("DOE") was, acting within the course and scope of his employment as employee and/or agent of Defendant USPS at, or prior to, the time of the Subject Accident.

9.      Additionally, a "substantial part of the events or omissions giving rise" to Plaintiff's claims in the instant action (specifically the Subject Accident and all events relevant thereto), occurred in the County of Los Angeles, State of California.

**PARTIES**

10.     Plaintiff, Peter Wayne Bowie, Jr., ("Plaintiff' or "Mr. Bowie") is, and at all times relevant to the allegations contained herein, was, an adult individual and resident of the City of Los Angeles, County of Los Angeles, State of California.

11.     Defendant, United States Postal Service ("USPS") is, and at all times relevant hereto was, an independent agency of the federal government of the United States of America, with headquarters located at 475 L'Enfant Plaza SW, Washington, D.C. 20260.

12.     Defendant USPS can be properly served with process through its General Counsel, Thomas J. Marshall, who is the designated agent for the receipt of legal process against USPS and "all other officers and employees of the Postal Service" acting in their official capacity, pursuant to 39 C.F.R. § 2.2, and in accordance with the requirements provided under Rule 4(i) of the Federal Rules of Civil Procedure.[3]

13.     Defendant USPS is, and at all times relevant hereto was, an appropriate defendant under the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, et seq.).

14.     The identity of United States Postal Service Employee John Doe ("DOE") is not known to Plaintiff. Plaintiff requests that the Court allow Plaintiff to substitute in the name of the actual individual if and when his identity is discovered.

15.     The identity of Defendant DOE is not known to Plaintiff because DOE failed to provide his name, his current residence address, his driver's license number, the vehicle

---

[3] See 39 C.F.R. § 2.2.

3
**COMPLAINT**

1   identification number of the vehicle he was driving, the current residence address of registered

2   owner of the vehicle he was driving and evidence of financial responsibility to Plaintiff after the

3   Subject Accident as required by California Vehicle Code Sections 16025 and 16020.

4        16.     Defendant DOE is, and at all times relevant hereto was, an employee, agent,

5   officer and/or servant of the Defendant, United States Postal Service, and/or the United States of

6   America.

7        17.     Defendant DOE is, and at all times relevant hereto was, acting within his official

8   capacity and within the course and scope of his employment, agency and/or service as an

9   employee, agent, officer and/or servant of the Defendant, United States Postal Service, and/or the

10   United States of America.

11        18.     In the alternative, if at the time of the Subject Accident, Defendant DOE, was not

12   acting within the course and scope of his employment, agency and/or service with Defendant

13   USPS, Plaintiff's cause of action arises in tort under, and by virtue, of the laws of the State of

14   California against Defendant DOE individually.

15                                    **FACTUAL ALLEGATIONS**

16        19.     On August 24, 2018 at approximately 9:40am, Plaintiff, Peter Wayne Bowie, Jr.,

17   was operating a motor vehicle, (specifically, a 2015 Audi A5 2.0T (Vehicle ID No.

18   WAUCFAFR6FA043071) (assumed to be owned by and registered with the State of California

19   in the name of Plaintiff)) ("Plaintiff's Vehicle"), (while wearing a seat belt and carrying liability

20   insurance with Geico (Policy No. 4465185975)) that was travelling southbound on South Central

21   Avenue, in the number one lane, at an approximate speed of 30 miles per hour, at or near the

22   intersection with East 95th Street, Los Angeles, California.

23        20.     At the aforementioned time and place, Defendant DOE was operating a motor

24   vehicle (specifically, a United States Postal Truck) (assumed to be owned by and registered in

25   the name of the Defendant USPS)) ("USPS Vehicle") that was travelling northbound on South

26   Central Avenue at the intersection with East 95th Street, Los Angeles, California.

27        21.     When Plaintiff first observed the USPS Vehicle it was stopped in the left turn

28   pocket of northbound South Central Avenue apparently intending to make a left turn unto East

**COMPLAINT**

95th Street.

22.     Plaintiff's Vehicle entered into the intersection of South Central Avenue and East 95th Street going southbound on South Central Avenue in the number one lane on a green light intending to cross the intersection and continue southbound on South Central Avenue.

23.     Suddenly and without warning, the USPS Vehicle driven by Defendant DOE pulled into the number one lane of southbound South Central Avenue and then came to a complete stop.

24.     The USPS Vehicle entered Plaintiff's lane just prior to the collision and so suddenly that Plaintiff could neither swerve nor stop to avoid the impact; the left front end of Plaintiff's Vehicle impacted with the left front end of the USPS Vehicle.

25.     Defendant Doe negligently and carelessly failed to yield to oncoming traffic, when he proceeded to turn left and improperly enter Plaintiff's lane of travel in violation of California Vehicle Code Section 21801, thereby proximately causing the Subject Accident.

26.     The impact of the collision of Plaintiff's Vehicle and the USPS Vehicle was so great that it threw Plaintiff about in the vehicle, thereby causing serious, painful and permanent injuries to Plaintiff.

27.     At the time of the Subject Accident on August 24, 2018, Defendant DOE negligently operated or maintained the USPS Vehicle, so that it collided with Plaintiff's Vehicle, thereby proximately causing the Subject Accident.

28.     As the direct and proximate result of the negligence of Defendant DOE in causing the Subject Accident, Plaintiff, Peter Wayne Bowie, Jr., suffered serious, painful and permanent injuries, as well as mental anguish.

29.     Additionally, Plaintiff also incurred doctor, medical, hospital and other bills in an effort to cure his injuries and she will likely incur additional expenses in the future, in an effort to treat his injuries resulting from the Subject Accident.

30.     Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

31.     Furthermore, these losses are either permanent or continuing and Plaintiff will

5

**COMPLAINT**

1   continue to suffer said losses in the future.

2       32.    Additionally, as a result of the Subject Accident, Plaintiff's Vehicle was damaged

3   so greatly that it was declared a total loss and Plaintiff lost use of it during the period required for

4   its replacement.

5       33.    Finally, at, or prior to, the time of the Subject Accident, Plaintiff was operating

6   his vehicle in a reasonable and safe manner, and he was not in violation of any applicable laws or

7   local ordinances.

8   **AGENCY**

9       34.    At, or prior to, the time of the Subject Accident on August 24, 2018, and at all

10   times relevant hereto, Defendant, DOE, was an employee, agent, officer and/or servant of

11   Defendant, United States Postal Service ("USPS"), and/or the United States of America.

12       35.    At, or prior to, the aforementioned date, and at all times relevant hereto,

13   Defendant DOE was employed by Defendant USPS as a driver of postal service vehicles, such as

14   the USPS Vehicle that was involved in the Subject Accident.

15       36.    At, or prior to, that date, and at all times relevant hereto, Defendant DOE was

16   acting within his official capacity and within the course and scope of his employment, agency

17   and/or service as an employee, agent, officer and/or servant of Defendant USPS, and/or the

18   United States of America, while she was operating the USPS Vehicle at, or prior to, the time of

19   the Subject Accident.

20       37.    Furthermore, at or prior to, the time of the Subject Accident, Defendant DOE was

21   operating the USPS Vehicle (which is specifically described in the foregoing Complaint), which

22   was registered to Defendant USPS, and was owned and controlled by Defendant USPS, at that

23   time and at all times relevant hereto.

24       38.    Consequently, at that time, Defendant DOE had been entrusted the USPS Vehicle

25   by Defendant USPS and was operating the USPS Vehicle with the permission, authority, consent

26   and knowledge of Defendant USPS.

27       39.    Finally, at or prior to the time of the Subject Accident, Defendant DOE was also

28   operating the USPS Vehicle for the use and benefit of Defendant USPS, and within the course

**COMPLAINT**

and scope of his employment as an agent, employee, officer and/or servant of Defendant USPS.

40.     As such, Defendant USPS is vicariously liable for the negligent actions of its agent, officer, servant and/or employee, Defendant DOE, which were the direct and proximate cause of the Subject Accident and Plaintiff's resulting injuries.

### FIRST CAUSE OF ACTION

(For Negligence Against All Defendants)

41.     Plaintiff incorporates herein by reference each of the foregoing paragraphs as though set forth in full.

42.     Defendant DOE had a duty to Plaintiff and violated that duty by negligently operating and/or maintaining the USPS Vehicle, which was the proximate cause of the Subject Accident.

43.     Defendant USPS had a duty to Plaintiff and violated that duty by negligently entrusting the USPS Vehicle to Defendant DOE and/or permitting Defendant DOE to operate the USPS Vehicle.

44.     Further, Defendant USPS is vicariously liable for the negligent actions of its agent, officer, servant and/or employee, Defendant DOE, which were the direct and proximate cause of the Subject Accident and Plaintiff's resulting losses and injuries.

45.     Because of the herein alleged acts or omissions to act, and at the times and places previously mentioned, defendants, and each of them, negligently caused Plaintiff to suffer damages to his property and person, including, but not limited to, medical expenses, loss of income, property damage, loss of use of property and general damages of at least $25,000.00 in an amount to be proven at trial.

46.     The negligent actions by Defendants as herein alleged were a substantial factor in causing Plaintiff to suffer damages to his property and person, including, but not limited to, medical expenses, loss of income, property damage, loss of use of property and general damages of at least $25,000.00 in an amount to be proven at trial.

47.     WHEREFORE, Plaintiff Jones, demands judgment for damages against Defendants, and each of them.

**SECOND CAUSE OF ACTION**

(For Negligent Hiring, Supervision, or Retention of Employee Against Defendant USPS)

48.     Plaintiff incorporates herein by reference each of the foregoing paragraphs as though set forth in full.

49.     Defendant DOE was employed and hired by Defendant USPS to, among other duties, operate vehicles owned and/or leased by Defendant USPS, such as the USPS Vehicle described in this lawsuit.

50.     Defendant DOE either was, at the time of his hiring, and/or became incompetent and/or unfit to operate such vehicles.

51.     Defendant USPS knew or should have known that Defendant DOE was and/or became unfit and/or incompetent and that this unfitness and/or incompetence created a particular risk to others.

52.     That Defendant DOE's unfitness and/or incompetence harmed Plaintiff as described above.

53.     The negligence of Defendant USPS in hiring, supervising and/or retaining Defendant DOE was a substantial factor in causing harm to Plaintiff.

54.     Because of the herein alleged acts or omissions to act, and at the times and places previously mentioned, defendants, and each of them, negligently caused Plaintiff to suffer damages to his property and person, including, but not limited to, medical expenses, loss of income, property damage, loss of use of property and general damages of at least $25,000.00 in an amount to be proven at trial.

55.     The negligent actions of Defendant USPS as herein alleged were a substantial factor in causing Plaintiff to suffer damages to his property and person, including, but not limited to, medical expenses, loss of income, property damage, loss of use of property and general damages of at least $25,000.00 in an amount to be proven at trial.

56.     WHEREFORE, Plaintiff demands judgment for damages against Defendant USPS.

/ / /

**PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them, as follows:

      a.     For general and special damages of at least $25,000.00 according to proof;

      c.     For pre-judgment and post-judgment interest on all damages awarded;

      d.     For reasonable attorneys' fees;

      e.     For costs of suit herein incurred;

      f.     For such other and further relief as the court may deem proper.

DATED:     July 19, 2021     LAW OFFICE OF CURT S. STEINDLER

By:_____

CURT S. STEINDLER
Attorney for Plaintiff
PETER WAYNE BOWIE, JR.

Exhibit A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Tort Claims Coordinator<br>United States Postal Service<br>7001 S. Central Ave., Rm. 368<br>Los Angeles CA 90052-9331 | CLAIMANT: PETER WAYNE BOWIE, JR. 9611 BAIRD AVE., LOS ANGELES, CA. 90002 REPRESENTATIVE: CURT S. STEINDLER, ATTORNEY AT LAW, 11901 SANTA MONICA BLVD., STE. 616, LOS ANGELES, CA. 90025 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>11/10/1991 | 5. MARITAL STATUS<br>SINGLE | 6. DATE AND DAY OF ACCIDENT<br>08/24/2018 | 7. TIME (A.M. OR P.M.)<br>9:40 A.M. |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

SEE SEPARATE PAGE ATTACHMENT TO CLAIM IN RESPONSE TO QUESTION 8.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

SAME AS CLAIMANT

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

SEE SEPARATE PAGE ATTACHMENT TO CLAIM IN RESPONSE TO QUESTION 9.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

CERVICAL, THORACIC, LUMBAR, AND LEFT SHOULDER INJURIES. SEE ATTACHED MEDICAL RECORDS AND BILLINGS

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) | |
| UNKNOWN USPS DRIVER | | SEE USPS CASE NO.: 900-18-0040352 3 A | |

| 12. (See Instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $1,000.00 DEDUCTIBLE LOSS | $18,530.00 | 0 | $19,530.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] | (323)472-1480 | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109<br>Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
    Office of Management and Budget
    Paperwork Reduction Project (1105-0008)
    Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☒ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☐ No

SEE ATTACHED CA EVIDENCE of LIABILITY INSURANCE

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

CLAIM WAS FILED WITH GEICO FOR TOTAL LOSS OF VEHICLE. DEDUCTIBLE NOT

**17. If deductible, state amount**

$1,000.00

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** (It is necessary that you ascertain these facts)

GEICO DETERMINED CLAIMANT'S VEHICLE TO BE A TOTAL LOSS. THEY PAID TO AUDI FINANCIAL SERVICES A SUM OF $26,907.09. SEE ATTACHED DOCUMENTS.

**19. Do you carry public liability and property damage insurance?** ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☐ No

SEE ATTACHED CA EVIDENCE of LIABILITY INSURANCE

SF 95 (Rev. 7-85) BACK

CLAIMANT: PETER WAYNE BOWIE, JR.

USPS CASE #: 900-18-00403523A

RESPONSE TO QUESTION 8 – CLAIM FOR DAMAGE, INJURY, OR DEATH

Claimant was travelling southbound on Central Avenue, in the number 1 lane, at a speed of approximately 30 miles per hour, seat belted, in his 2015 Audi A5, at or near Central Avenue at its intersection with 95th Street, Los Angeles, California (Central Avenue, at this point, is curved to the west), There are no signal lights, stop signs, or traffic controls at this intersection. A mail delivery truck (unknown number) was driving northbound on Central also approaching the intersection with an intent to make a left turn, westbound, onto 95th Street. The unknown mail truck driver, driving his mail truck from the right side of the vehicle, had come to a stop immediately prior to impact, seeing Claimant driving southbound (Claimant had seen the unknown driver acknowledge the southbound travel of Claimant). However, the mail truck had come to a stop with the entire left front end of his vehicle crossed over and within the south bound lane and was impeding southbound traffic. Claimant, without any ability to swerve or stop to avoid the impact, as the mail vehicle stopped and entered the southbound lane almost simultaneously to impact, impacted the mail truck in the left front end, with the left front end of his Audi.

CLAIMANT:  PETER WAYNE BOWIE, JR.

USPS CASE NO.:  900-18-00403523A

RESPONSE TO QUESTION NO. 9

Claimant's vehicle:  2015 Audi A5.  Property damage to the left front quarter panel front end.
Geico Casualty Company, Claimant's insurer, declared the vehicle to be a total loss.  Geico paid
to Audi Financial Services a total loss sum of $26,907.09 in settlement of their lien on the
vehicle.  Attached to this Claim for damages are all the Geico Total Loss settlement documents,
Title to the vehicle, and an independent estimate of repair.  Also attached is a copy of a photo of
the property damage to Claimant's vehicle.  Claimant claims as property damage loss, the sum of
$1,000.00, for payment of his deductible under his policy (evidence of deductible loss can be
found in the Geico Total Loss settlement documents).

Exhibit B

# Curt S. Steindler

### Attorney at law

11901 Santa Monica Blvd., Ste 616 | Los Angeles, CA 90025
(424) 243-6460| Fax: (310) 674-1420 | eMail: Steindler@Lawrax.com

October 22, 2018

TORT CLAIMS
USPS 7001 SOUTH CENTRAL AVENUE
ROOM 368
LOS ANGELES CA 90052

| | |
|---|---|
| My Client: | **PETER BOWIE** |
| Your Insured: | **USPS** |
| Your Insured's Driver: | UNKNOWN |
| Your Claim No.: | UNKNOWN |
| Date of Incident: | 8/24/2018; 9:40 A.M. |
| Location of Incident: | Southbound Central Ave., at or near its intersection With 95th St., Los Angeles, CA |

To Whom It May Concern:

The undersigned has been retained by **PETER BOWIE** to represent his interests with regard to an automobile accident that occurred as above-referenced.

Enclosed herein, please find a Letter of Designation pursuant to the California Code of Regulations for your convenience.

Please direct all further communications, telephonic, electronic, mail, and in person, with regard to this incident to my office. Henceforth, make no direct or indirect communications concerning said incident with my client.

I am in possession of a Damage Appraisal and Estimate Repair cost to my client's vehicle in excess of $25,000.00. If you are in possession of an appraisal of damage to my client's vehicle, please provide me with a copy of same so that we may quickly resolve the property damage portion of this claim.

If you are in possession of a property damage estimate to the post office delivery vehicle that caused the damage to my client's vehicle, please provide me with same as well.

Additionally, if you are in possession of an accident report, please provide me with a copy. I have been attempting to contact your offices for almost two months and only until last Friday, after multiple attempts to find a Tort Claim adjuster and/or department, did I finally receive a call as to where to send this letter of representation (I had been forwarded to at least three different people with whom to speak to with regard to this claim, and none of them responded to me). As I have no identity of your driver, no identity of your vehicle (other than a photograph of the damage to your vehicle, without any identifying number), and no claim number, I believe that my client and this office is entitled to same. Your supervisor who arrived at the scene did

Page 2

not provide any identification of the driver or the vehicle as is required by the California Vehicle Code.

I look forward to your immediate cooperation in this matter.  Thank you.

Very Truly Yours,

CURT S. STEINDLER
Attorney for
PETER BOWIE

## **DESIGNATION**

Pursuant to Section 2695.2(c) of the California Code of Regulations Title 10, Chapter 5; I designate **THE LAW OFFICES OF CURT S. STEINDLER** to handle my _Personal Injury_ claim for the accident date of _8/24/18_.

This designation shall be valid for only one year from the below date unless renewed or revoked by the undersigned. Any and all prior designation are hereby revoked by the undersigned as of the date of this designation.

X _____
Signature

_Peter Bowie_
Print Name

_8/28/18_
Date

_____
Address

_____
Telephone

Exhibit C

TORT CLAIMS
ACCOUNTING SERVICE CENTER


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO: 7020 0090 0001 9143 4390**
**RETURN RECEIPT REQUESTED**

January 21, 2021

CURT STEINDLER ATTORNEY AT LAW
11901 SANTA MONICA BLVD STE 616
LOS ANGELES, CA 90025-2767

RE:   Claimant:        PETER BOWIE JR.
      USPS File No:    TC2020 77110

Dear Sir:

This is in reference to the administrative claim you filed under the provisions of the Federal Tort Claims Act, as a result of damages allegedly sustained on or about August 24, 2018.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. While we regret any damages or injuries that may have occurred, we cannot accept legal liability for them. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

P O BOX 80471
ST LOUIS MO 63180-9471
FAX (314) 436-5459
PHONE (314) 340-2330

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim.  Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

K. Jefferson
Accounting & Control Specialist


cc:     Lynna Carter
        Tort Claims Coordinator
        Case No: 900-18-00403523B